IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALFREDO GARZA-SOSA, 42371-177, § | |
| Petitioner, § | |
| § | 3:13-CV-1508-L |
| v. § | 3:10-CR-0271-L |
| § | |
| UNITED STATES OF AMERICA, § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I. Procedural Background**

Petitioner pled guilty to illegal reentry after removal from the United States in violation of 8 U.S.C. §§ 1326(a). On May 16, 2011, the Court sentenced him to 87 months in prison. On April 17, 2012, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Garza-Sosa*, 471 Fed. Appx. 277 (5th Cir. 2012). Petitioner did not file a petition for writ of certiorari to the Supreme Court.

On April 17, 2013, Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. He argues he received ineffective assistance of counsel when:

1. Counsel failed to object to the 16-level enhancement under USSG § 2L1.2(b)(1)(A);

2. Counsel failed to pursue the Fast-Track program; and

      3.      Counsel failed to pursue a cultural assimilation argument.

On June 24, 2013, Respondent filed its answer. Petitioner did not file a reply. The Court now determines the petition should be denied.

## II. Discussion

### Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such that prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### 1. Sixteen Level Enhancement

Petitioner claims his counsel was ineffective for failing to object to the 16-level enhancement under USSG § 2L1.2(b)(1)(A) by arguing his prior convictions were too old to be

be used for this enhancement.  Plaintiff states his counsel merely noted that his prior convictions were over 20 years old, and did not forcefully challenge the enhancement.

Petitioner pled guilty to illegal reentry into the United States.  Under the Sentencing Guidelines, if a defendant is convicted of unlawful reentry, and was previously convicted of a drug trafficking offense for which the sentence imposed exceeded thirteen months, or was convicted of a crime of violence, the base offense level is increased by sixteen levels.  *See* USSG § 2L1.2(b)(1)(A).  This section applies to "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense . . . [and] any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period."  USSG § 4A1.2(e)(1).

Petitioner has a 1992 drug trafficking conviction that occurred within fifteen years of his October, 2003 unlawful reentry.  (PSR ¶ 17 and PSR Addendum).[1]  He was sentenced to sixteen years in prison for that conviction.  (PSR ¶ 30.)  The 16-level enhancement was therefore properly applied to Petitioner.[2]  His counsel attempted to argue against the enhancement by stating that his prior convictions were over twenty years old.  (Sent. Tr. at 18.)  The Court, however, rejected this argument.  Petitioner has not shown that counsel's conduct fell outside of

---

[1] The relevant conduct date is calculated from the date of reentry, and not the date the defendant was found in the country.  *United States v. Escobedo-Torres*, 146 Fed. Appx. 736, 742 (5th Cir. 2005) (citing *United States v. Santana-Castellano*, 74 F.3d 593, 597 (5th Cir. 1996)).

[2] In1988, Petitioner was also convicted of burglary.  (PSR ¶ 26.)  He claims the 16-level enhancement does not apply because the burglary conviction was not a crime of violence.  Petitioner's drug trafficking crime, however, was sufficient to support the 16-level enhancement.  *See* USSG § 2L1.2(b)(1)(A).

reasonable trial strategy. *See Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

Petitioner also claims his counsel should have argued under *United States v. Rodriguez-Ocampo*, 664 F.3d 1275 (9th Cir. 2011), that he should have been indicted only for illegal entry under 8 U.S.C. § 1326, instead of illegal reentry after removal. In *Rodriguez-Ocampo*, however, the court found that the illegal entry statute applied because there was no valid prior removal. *Id.* at 1278. In this case, however, the record shows Petitioner was removed under a valid removal order issued by an immigration judge. (PSR ¶ 9.) Petitioner's claim is without merit.

**2.      Fast-Track and Cultural Assimilation**

Petitioner claims his counsel was ineffective because she failed to argue there was an impermissible sentencing disparity under the Department of Justice's Fast-Track program. He claims the disparity resulting from the availability of Fast-Track programs in some districts and not others should be considered during sentencing. The Fifth Circuit, however, has determined that the government has discretion to offer a defendant the Fast-Track program and that any disparity raised by the availability of the Fast-Track program is not unwarranted. *United States v. Gomez-Herrera*, 523 F.3d 554, 562-63 (5th Cir. 2008); *see also United States v. Ramirez-Perez*, No. 12-50390, 2013 WL 616869 at *1 (5th Cir. Feb. 19, 2013), *cert denied*, 2013 WL 2289948 (June 24, 2013) (ruling as foreclosed defendant's argument that the availability of the Fast-Track programs in some districts and not others created unwarranted sentencing disparity). Petitioner fails to show his counsel was ineffective for not raising this claim.

Petitioner states that although his counsel argued his sentence should be reduced because he was culturally assimilated into the United States, his counsel should have persisted with this claim to obtain a downward departure.

Page 4

The record shows that defense counsel raised the cultural assimilation argument in seeking a downward departure. (Sent. Tran. at 16, 19.) The Court declined to grant a downward departure noting that Petitioner illegally entered the United States four times and that he has numerous criminal convictions. (*Id*. at 21-22.) Petitioner has failed to establish that he received ineffective assistance of counsel.

## RECOMMENDATION

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 19th day of February, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).