IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ALFREDO GARZA-SOSA, 42371-177,** § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. **3:13-CV-1508-L** |
| § | |
| **UNITED STATES OF AMERICA,** § | |
| § | |
| Respondent. § | |

## ORDER

Before the court are Petitioner Alfredo Garza-Sosa's ("Petitioner") (1) Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Motion"), filed April 17, 2013[1]; (2) Motion for Enlargement of Time, filed March 5, 2014; and (3) Motion Requesting Application for COA, filed March 28, 2014. The case, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, was referred to Magistrate Judge Paul D. Stickney on April 17, 2013. The magistrate judge entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on February 19, 2014, recommending that the court deny the Motion. Petitioner filed objections to the Report on March 28, 2014.[2]

---

[1] The Motion to Vacate was filed under Garza-Sosa's criminal case number (3:10-CR-0271-L) as Document Number 51. A civil case number (3:13-CV-1508-L) for this petition for writ of habeas corpus has since been opened.

[2] Petitioner filed a Motion Requesting Application for COA and asked the court to "consider his COA Motion as [his] objection to the government response [to] the Findings, Conclusions and Recommendations of the United States Magistrate Judge." Mot. Requesting App. for COA 1. The court will treat the Motion Requesting Application for COA as the motion for which it is titled and as an objection to the Report.

**Order – Page 1**

Petitioner's Motion Requesting Application for COA, as requested by him, will be treated as an objection to the Report.  Petitioner's objection is conclusory and simply restates his initial petition.  While his Motion Requesting Application for COA is difficult to decipher, Petitioner, in addition to reurging his previous contentions, seems to indicate that his arguments related to the application of the Fast-Track program are separate from his ineffective assistance of counsel claims.  The magistrate judge previously discussed Petitioner's argument that counsel was ineffective because she failed to argue that there was an impermissible sentencing disparity under the Department of Justice's Fast-Track program.  Additionally, the magistrate judge clearly stated that the Fifth Circuit has determined that the government has discretion to offer a defendant the Fast-Track program and that any disparity raised by its availability is not unwarranted.  The court agrees with the magistrate judge's determinations and therefore **overrules** Petitioner's objection.

After reviewing the pleadings, record in this case, applicable law, and the findings and conclusions of the magistrate judge, the court **determines** that the findings and conclusions are correct and **accepts** them as those of the court.  The court therefore **denies** Petitioner's Motion to Vacate; **denies as moot** Petitioner's Motion for Enlargement of Time; **denies** Petitioner's Motion Requesting Application for COA; and **dismisses with prejudice** this action.  The court also **directs** the clerk of court to document the court's ruling on the Petitioner's former criminal case's docket (3:10-CR-0271-L) and on the current civil case's docket.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c),

the court **denies** a certificate of appealability.[3] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 18th day of April, 2014.

*Sam A. Lindsay*
Sam A. Lindsay
United States District Judge

---

[3] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**    **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    **(b)**    **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.